UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

MEMORANDUM

DATE: April 24, 2008

TO: Willie Haynes

FROM: Jan A. Smith

SUBJECT: Adv. Case No. 07-1074  MDL Transfer Judy R. Reusser v. Ameriquest Mortgage Company

08-CV-00178
Honorable Marvin E. Aspen

Please see attachments.



cmp

## U.S. Bankruptcy Court
## Southern District of Alabama (Mobile)
### Adversary Proceeding #: 07-01074

*Assigned to:* BANKRUPTCY JUDGE MARGARET A. MAHONEY
*Related BK Case:* 06-12646
*Related BK Title:* Judy R. Reusser
*Related BK Chapter:* 13
*Demand:*
*Nature[s] of Suit:* 14 Recovery of money/property - other

*Date Filed:* 10/23/07

ATTEST: I hereby certify that this is a true and correct copy of the original as it appears of record in my office.
CERTIFIED this ___ day of April
GERALDINE S. LESTER, CLERK
By: _____
Deputy Clerk

**Plaintiff**
-----------------------

**Judy R. Reusser,** *Judy R. Reusser*
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, AL 36533-0969
251-990-5558
SSN: xxx-xx-1699

represented by **Earl P. Underwood, Jr.**
21 South Section Street
Fairhope, AL 36532-2106
(251)990-5558
Fax : (251)990-0626
Email: epunderwood@alalaw.com

**Earl P. Underwood, Jr.**
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, AL 36533-0969
251-990-5558
Fax : 251-990-0626
Email: epunderwood@alalaw.com
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------

**Ameriquest Mortgage Company**
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

represented by **Jennifer Anne Harris**
Burr & Forman LLP
420 N. 20th St., Suite 3100
Birmingham, AL 35203
205 458-5414
Fax : 205 244-5756
Email: jharris@burr.com

**Stephen J. Bumgarner**
Burr & Forman LLP
420 N. 20th St, Suite 3400
Birmingham, AL 35203
205-458-5355

Email: sbumgarn@burr.com

| Filing Date | # | Docket Text |
| --- | --- | --- |
| 10/23/2007 | 1 | Adversary case 07-01074. Complaint by Earl P. Underwood Jr., Earl P. Underwood Jr. on behalf of Judy R. Reusser, Ameriquest Mortgage Company against Ameriquest Mortgage Company. (14 (Recovery of money/property - other)). (Attachments: # 1 Supplement Coversheet# 2 Supplement Summons) (Underwood, Earl) (Entered: 10/23/2007) |
| 10/26/2007 | 2 | Scheduling Order Signed on 10/26/2007 (related document(s)1 Complaint, filed by Judy R. Reusser) Trial date set for 1/22/2008 at 10:00 AM at Courtroom 2, 201 St. Louis Street, Mobile, AL 36602. Pre-Trial Order due by 1/8/2008. (Smith, Sue) (Entered: 10/26/2007) |
| 10/26/2007 | 3 | Summons Issued on Ameriquest Mortgage Company Date Issued 10/26/2007, Answer Due 11/25/2007. (Smith, Sue) (Entered: 10/26/2007) |
| 10/28/2007 | 4 | BNC Certificate of Mailing (related document(s)2 Hearing (Adv)) Service Date 10/28/2007. (Admin.) (Entered: 10/28/2007) |
| 10/29/2007 | 5 | Notice RE: *Complaint, Summons and Scheduling Order served on Ameriquest Mortgage Company* Filed by Judy R. Reusser (Underwood, Earl) (Entered: 10/29/2007) |
| 10/29/2007 |  | Notice to Correct: (related document(s)5 Notice filed by Judy R. Reusser) File as Summons Service Executed (Denny, Linda) (Entered: 10/29/2007) |
| 12/03/2007 | 6 | Motion To Stay *And Incorporated Memorandum* Filed by Ameriquest Mortgage Company (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D) (Harris, Jennifer) (Entered: 12/03/2007) |
| 12/04/2007 | 7 | Notice of Hearing Set On (related document(s)6 Motion To Stay filed by Ameriquest Mortgage Company) Hearing scheduled for 1/8/2008 at 08:30 AM at Courtroom 2, 201 St. Louis Street, Mobile, AL 36602. (Brooks, Antoinette) (Entered: 12/04/2007) |
| 12/06/2007 | 8 | BNC Certificate of Mailing (related document(s)7 Hearing (Bk)) Service Date 12/06/2007. (Admin.) (Entered: 12/07/2007) |
| 12/21/2007 | 9 | Exhibit - Conditional Transfer Order (CTO-34) Filed by United States Judicial Panel on Multidistrict Litigation (related document(s)6 Motion To Stay filed by Ameriquest Mortgage Company) (Brooks, Antoinette) (Entered: 12/21/2007) |

| 12/27/2007 | 10 | Supplemental Motion To Stay Filed by Ameriquest Mortgage Company (Bumgarner, Stephen) (Entered: 12/27/2007) |
|---|---|---|
| 01/08/2008 |  | Minute Entry: H: 1/8/2008 (related document(s)6 Motion To Stay filed by Ameriquest Mortgage Company. Motion granted. O: Bumgarner) (Brooks, Antoinette) (Entered: 01/08/2008) |
| 01/17/2008 | 11 | Order Granting Motion To Stay (Related Doc # 6), Granting Motion To Stay (Related Doc # 10) Signed on 1/17/2008. (Nixon, Velda) (Entered: 01/17/2008) |
| 01/19/2008 | 12 | BNC Certificate of Mailing (related document(s)11 Order on Motion to Stay, ) Service Date 01/19/2008. (Admin.) (Entered: 01/19/2008) |
| 01/22/2008 |  | Minute Entry: H: 1/22/2008 (related document(s)1 Complaint filed by Judy R. Reusser. Multi-District Litigation Case. Order Granting Motion to Stay entered 1/17/2008.) (Brooks, Antoinette) (Entered: 01/22/2008) |

**A CERTIFIED TRUE COPY**
JAN -3 2008
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**
**JANUARY 3, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DEC 17 2007**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION

MDL No. 1715

(SEE ATTACHED SCHEDULE)

**08 C 178**

**JUDGE ASPEN**

### CONDITIONAL TRANSFER ORDER (CTO-34)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 280 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN - 3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By s/ WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: JANUARY 10, 2008

CEM

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION                                MDL No. 1715

## SCHEDULE CTO-34 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

**CALIFORNIA SOUTHERN**
~~CAS 3 07-2195~~             ~~Andrew Bello v. Ameriquest Mortgage Co., et al.~~ Opposed 12/28/07

**KENTUCKY EASTERN**
KYE 6 07-368                   Steve T. Harrell, et al. v. Ameriquest Mortgage Co. — 08cv173

**MICHIGAN EASTERN**
~~MIE 2 07-14498~~            ~~Eldora Moore v. Ameriquest Mortgage Co., et al.~~ Opposed 1/3/08

**MICHIGAN WESTERN**
MIW 1 07-1103                  Michael Chesebro, et al. v. Ameriquest Mortgage Co., et al. — 08cv174

**NORTH CAROLINA MIDDLE**
NCM 1 07-788                   Todd Brown, et al. v. Ameriquest Mortgage Co., et al. — 08cv175
NCM 1 07-832                   Jason W. Crawford, et al. v. Ameriquest Mortgage Co. — 08cv176

**RHODE ISLAND**
RI 1 07-383                    Melissa M. Ray, et al. v. Ameriquest Mortgage Co. — 08cv177

             **BKY.**
**DIST. DIV. ADVY. #**         **CASE CAPTION**

**ALABAMA SOUTHERN**
ALS 1 07-1074                  Judy R. Reusser v. Ameriquest Mortgage Co. — 08cv178

A CERTIFIED TRUE COPY

JAN 3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

ATTEST: I hereby certify that this is a true and correct copy of the original as it appears of record in my office.
CERTIFIED this ___ day of April

GERALDINE S. LESTER, CLERK
By: _____
Deputy Clerk

FILED
JANUARY 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION

(SEE ATTACHED SCHEDULE)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 17 2007

FILED
CLERK'S OFFICE

MDL No. 1715

**08 C 178**

JUDGE ASPEN

CONDITIONAL TRANSFER ORDER (CTO-34)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 280 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Luthi
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

JAN - 3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By: s/ WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: JANUARY 10, 2008

CEM

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION                                MDL No. 1715

### SCHEDULE CTO-34 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

**CALIFORNIA SOUTHERN**
~~CAS  3  07-2195~~            ~~Andrew Bello v. Ameriquest Mortgage Co., et al.~~ Opposed 12/28/07

**KENTUCKY EASTERN**
KYE  6  07-368                 Steve T. Harrell, et al. v. Ameriquest Mortgage Co. — 08cv173

**MICHIGAN EASTERN**
~~MIE  2  07-14498~~           ~~Eldora Moore v. Ameriquest Mortgage Co., et al.~~ Opposed 1/3/08

**MICHIGAN WESTERN**
MIW  1  07-1103                Michael Chesebro, et al. v. Ameriquest Mortgage Co., et al. — 08cv174

**NORTH CAROLINA MIDDLE**
NCM  1  07-788                 Todd Brown, et al. v. Ameriquest Mortgage Co., et al. — 08cv175
NCM  1  07-832                 Jason W. Crawford, et al. v. Ameriquest Mortgage Co. — 08cv176

**RHODE ISLAND**
RI   1  07-383                 Melissa M. Ray, et al. v. Ameriquest Mortgage Co. — 08cv177

            **BKY.**
**DIST. DIV. ADVY. #**         **CASE CAPTION**

**ALABAMA SOUTHERN**
ALS  1  07-1074                Judy R. Reusser v. Ameriquest Mortgage Co. — 08cv178

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 BANKRUPTCY |
| JUDY R. REUSSER, ) | CASE NO.: 06-12646 |
| XXX-XX-2522 ) | |
| ) | |
| DEBTOR, ) | |

| | |
|---|---|
| JUDY R. REUSSER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | AP NO.: _____ |
| ) | |
| AMERIQUEST MORTGAGE ) | |
| COMPANY, INC. ) | |
| ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

NOW COMES the Plaintiff and as her Complaint against Defendant Ameriquest Mortgage Company aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1334.
.

### SUMMARY OF CLAIMS

These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiff's home. Plaintiff asserts her claim against Defendant Ameriquest Mortgage Company ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Plaintiff alleges that AMC, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under

TILA. Specifically, AMC failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiff has retained her right to cancel the transaction. The Plaintiff has exercised that right by delivering a written notice of her election to cancel in accordance with the requirements of TILA. AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to the Plaintiff's loan cancellation. The Plaintiff seeks a court determination that her loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiff is of full age of majority and resides in this district.

2. Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

**Applicable Truth In Lending Act Requirements**

3. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the

later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5. A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all

money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

9. Plaintiff Judy Reusser is an adult resident of Baldwin County, Alabama and at all material times resided at 10108 Canal Circle in Fairhope, Alabama.

10. On or about April 3, 2006, Ms. Reusser obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $316,000 and was secured by a mortgage security interest in Plaintiff's home.

11. AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

12. AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

13. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Reusser retained her right to cancel the transaction.

14. By letter dated May 18, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

15. Despite having received notice of Plaintiff's election to cancel the transaction,

Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

16.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT I
## TILA Violations

17.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

18.     Plaintiff has properly and effectively cancelled and rescinded the Plaintiff's loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

19.     Defendant has violated TILA, with respect to the Plaintiff's loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Judy Reusser respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the loan, including a declaration that Plaintiff is not liable for any

        finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

                              /s/ Earl P. Underwood, Jr.
                              Earl P. Underwood, Jr.
                              One of the Attorneys for Plaintiff
                              Post Office Box 969
                              Fairhope, Alabama 36533
                              Telephone: (251) 990-5558
                              Facsimile: (251) 990-0626
                              Email: epunderwood@alalaw.com

**DEFENDANT AMC TO BE SERVED BY FIRST CLASS MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104